given, were he present upon the trial; and we cannot say that his evidence would not have resulted in a different verdict, or how the jury might have found if the testimony of the witness Coonan, the driver of the wagon, had been corroborated in any one or more particulars.

The question raised by the exception has been fairly and squarely presented, and it is sufficient for this purpose to say that the counsel for the respondent has given it considerable attention by the citation of authorities to sustain the decision in his favor; that the question is not novel, and may be reviewed on appeal. It is sufficient to cite a few authorities. The supreme court, in Gregg v. Howe, 37 N. Y. Super. Ct. 420, held that "an exception to a decision denying a motion to postpone a trial is available upon an appeal from a judgment." The court of common pleas, in Giraudat v. Korn, 8 Daly, 406, held that, where the papers on which the application to postpone form part of the record on appeal, the court at general term had the undoubted right to review; and in Gallaudet v. Steinmetz, 6 Abb. N. C. 224, the court held: "An exception lies to a refusal to postpone a trial on account of the absence of the material witness," and the appellant is entitled to have the moving affidavits inserted in the case on appeal.

We are of the opinion that the moving papers sufficiently set forth the materiality of the witness, and that the refusal to grant the application in behalf of the defendant was error, calling for a reversal. Having reached this conclusion, we have not deemed it necessary to discuss the other questions raised upon this appeal.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.

FITZSIMONS, J., concurs.

---

(19 Misc. Rep. 345.)

### COYLE v. THIRD AVE. R. CO.

(City Court of New York, General Term. February 3, 1897.)

COSTS—AMENDMENT OF COMPLAINT—IMPOSITION OF TERMS.

    Costs may be imposed on granting leave to amend a complaint which changed the cause of action after a reversal of judgment in favor of plaintiff, though he is suing in forma pauperis, and the costs as taxed were more than the judgment on the former trial.

Appeal from special term.

Action by Hugh Coyle against the Third Avenue Railroad Company for personal injuries. From an order imposing a condition to amend the complaint, and from a motion to set aside the taxation of costs, plaintiff appeals. Affirmed.

Argued before McCARTHY and CONLAN, JJ.

Hyman Levy, for appellant.
Hoadly, Lauterbach & Johnston, for respondent.

CONLAN, J. This is an appeal from two certain orders, one made by Mr. Justice Fitzsimons, imposing a condition on the plaintiff to amend his complaint, and the other made by Mr. Justice Van Wyck, denying a motion to set aside a taxation of costs made by the clerk of this court. The action was one for negligence. On the trial the plaintiff recovered a verdict for $300. On appeal, the general term of this court affirmed the judgment. 40 N. Y. Supp. 362. On appeal to the supreme court, the appellate term reversed the judgment, and ordered a new trial, with costs to the appellant to abide the event. 40 N. Y. Supp. 1131. The plaintiff, before the trial, duly obtained an order granting leave to sue in forma pauperis, which order has ever since been in force. The reversal was on the ground that the specific acts of negligence alleged in the complaint were not proved on the trial, and therefore it was error to deny the defendant's motion to dismiss, made at the close of the plaintiff's case, and again at the close of the case.

On the motion to amend the complaint at the special term, the judge had the undoubted right to impose terms on the plaintiff, notwithstanding the order permitting him to sue in forma pauperis. Moore v. Cooley, 2 Hill, 412; Elwin v. Routh, 1 Civ. Proc. R. 131. The amount to be imposed would seem to be settled by the case of Walton v. Mather, 10 Misc. Rep. 261, 24 N. Y. Supp. 307, and cases therein cited.

The appellant urges with a good deal of force and apparent consistency that the orders appealed from practically operate as a denial of justice, insomuch as the cost taxed under the order of October 12, 1896, and which was to be deducted from any judgment the plaintiff might recover on the trial, was $40 more than the recovery had at the former trial. The appellate term reversed the trial term and the general term, with costs against the plaintiff, who was protected by a pauper order, to abide the event; and the event occurred when the plaintiff served a new complaint, setting up a new cause of action, thereby in effect abandoning the original complaint. We have looked for some way to relieve the plaintiff from what seems to be a hardship, but the opinion of the court above awarding costs leaves nothing for us to do but to affirm the order appealed from.

Order affirmed, with costs.

McCARTHY, J., concurs.