(28 App. Div. 467.)

GARRISON v. McCULLOUGH et al.

(Supreme Court, Appellate Division, Second Department. April 19, 1898.)

1. DISMISSAL ON OPENING.
    While, in almost every case not determined by a single central fact, the party, if he so requests, should be allowed to offer all his evidence before submitting to a ruling by the court on its sufficiency, yet if the facts lie within a narrow compass, sharply defined, and not giving rise to conflicting inferences, it seems that the court, in the absence of protest by counsel, may properly dismiss a complaint upon plaintiff's opening to the jury, upon the assumption that the facts, if proved, would be as stated.

2. INJURY TO EMPLOYE—DEFECTIVE APPLIANCES.
    In an action against the receivers of a railroad for personal injuries due to their alleged negligence, it appeared that plaintiff was a yardman, and was directed to move a car on one track by an engine on another, by the process of "staking," and, finding no push-stick on the engine, he used a piece of timber lying near by, which broke, and injured him. There was no emergency requiring plaintiff to use such a substitute as he might be able to find. *Held*, that the injury could not be attributed to defendants' failure to supply a push-stick.

Appeal from trial term.

Action by Gehial Garrison against John G. McCullough and E. B. Thomas, receivers of the New York, Lake Erie & Western Railroad Company. From a judgment in favor of defendants, entered on a nonsuit, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Frank Lybolt, for appellant.
Henry Bacon, for respondents.

CULLEN, J. This action is brought by the plaintiff, an employé on defendants' railroad, to recover damages for personal injuries, received by him from the breaking of a push-stick. The complaint charged that the plaintiff's injury was occasioned by the negligence of the defendants in failing to furnish safe and suitable appliances. The plaintiff's counsel, in opening the case, stated to the jury the facts which he intended to prove, and on which he claimed to establish the liability of the defendants. This opening was taken down by the stenographer, and appears in the record. At the conclusion of counsel's statement, the complaint was dismissed, on the ground that

the facts which counsel proposed to prove were insufficient to charge the defendants.

The first complaint of the appellant is as to the practice adopted at the trial,—the dismissal of the complaint on the opening of counsel. As a rule, this practice is not to be approved; but there are cases in which the court is not only empowered to adopt this course, but the course is entirely proper. Oscanyan v. Arms Co., 103 U. S. 261; Ward v. Jewett, 4 Rob. (N. Y.) 714. Undoubtedly, the counsel is not to be held in his opening to strict accountability for faults either of commission or of omission, or for making unguarded admissions, or failing to state every fact necessary to make out a cause of action. We suppose that, in almost every case which is not determinable by a single central fact, the party, if he so requests, should be allowed to offer all his evidence before submitting to a ruling by the court on its sufficiency. But when the facts lie within a narrow compass, sharply defined, and not giving rise to conflicting inferences, we see no reason why the court, in the absence of protest by counsel, may not dispose of the case upon the assumption that the facts proved will be as stated, and thus avoid loss of time in hearing the evidence. In this case the plaintiff's counsel seems not only not to have objected to the practice of the trial court, but to have invited and assented to it. Under the circumstances, we think the action of the court was not erroneous.

The case as detailed by the counsel was that the plaintiff, for a long time, had been in the service of the company as a yardman; that, on the occasion of the accident, he was directed to move a car from a siding; that the car was attempted to be moved by what is called "staking." That name is applied to the operation of pushing a car on one track by an engine on an adjoining track, the force from the engine being applied to the car by a pole or stick of timber, called a "push-stick." The plaintiff found there was no push-stick on the engine. He therefore took a piece of timber lying in the vicinity, and used it for the purpose of pushing the car. It was insufficient, and broke, thereby inflicting the injuries for which he brings this suit. On this state of facts, we think the defendants were not liable. The plaintiff's injuries were not caused by the failure to supply a push-stick, but by the piece of timber that he voluntarily selected as a substitute for the stick. The stick was the simplest possible contrivance, of the adequacy of which the plaintiff was entirely competent to judge. Marsh v. Chickering, 101 N. Y. 396, 5 N. E. 56; Cahill v. Hilton, 106 N. Y. 512, 13 N. E. 339. There was no emergency which compelled the plaintiff to take at all hazards the best substitute for the push-stick that he could find, whether sufficient or insufficient. If the use of a stick had been necessary to save life or the destruction of property, a different question might be presented. But here the only effect of the absence of the stick was either to prevent moving the car, or to require its removal in some other manner than by staking out.

The judgment appealed from should be affirmed, with costs. All concur.