## BOOKMAN v. MASTERSON.

(Supreme Court, Appellate Division, Second Department. May 1, 1903.)

1. MASTER AND SERVANT—RAILROAD EMPLOYÉ—INJURY—MOVING CAR—PUSH STICK—DANGEROUS METHOD.

Where a railroad employé, injured while holding a push stick between a locomotive and a car so that the car might be moved off a side track, pleads that the method was dangerous and unsuitable, and, though it appears that on such occasions a rope had been used, yet there is evidence that the method employed in this instance was very common, and there is no suggestion of any adequate substitute, inherently safer, the complaint is properly dismissed.

2. SAME—SUITABILITY OF APPLIANCE.

A push stick used between a locomotive and a car in switching the latter, testified to by an injured employé as 4 or 4½ feet long, 4 inches in diameter, and sawed off straight at either end, and by the engineer, who furnished it, as of oak, 6 feet long, and 3x4 inches in size, square, was a proper appliance; it appearing that the stick did not break, but slipped from the car.

3. SAME—EXPERT EVIDENCE.

In an action by a railroad employé injured by the slipping of a push stick used between a locomotive and a car, the question as to a safe length for the push stick is for the jury, and expert evidence thereon is properly excluded.

Appeal from Trial Term, Nassau County.

Action by Henry Bookman, an infant, by John Bookman, his guardian ad litem, against William H. Masterson. From a judgment for defendant entered on a nonsuit, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG. JJ.

George Wallace, for appellant.

H. Snowden Marshall (George H. Abbott, on the brief), for respondent.

JENKS, J. The action is for negligence, by servant against master. The plaintiff, a young man, aged 19 years, was ordered to hold a push stick against the head of a locomotive and the side of a car, so that cars might be shunted off a side track to the main line. He did so. As the car was moving, and partly on the main track, the stick slipped, and the locomotive pushed him against the car and injured him. The court dismissed the complaint at the close of plaintiff's case.

The learned counsel for the appellant argues many propositions on his appeal, but his proof must be considered upon the allegations of his pleading, inasmuch as recovery can only be had upon the cause of action stated. Woolsey v. Trustees of Ellenville, 69 Hun, 489, 23 N. Y. Supp. 410, and authorities cited; Coyle v. Third Avenue R. Co., 19 Misc. Rep. 345, 43 N. Y. Supp. 499, and authorities cited. The negligence pleaded is that the method was dangerous and unsuitable, and the appliance unsuitable, improper, and unsafe. I find no evidence that the method was dangerous and unsuitable. And although it appears that on some occasions a rope had been used, there is evidence that the method used in this case is very

common, and there is not a suggestion of any adequate substitute inherently safer.

The remaining question is whether there is any evidence that required the submission of the question of improper appliance to the jury. The plaintiff testifies that the push stick was 4 or 4½ feet long, 4 inches in diameter, and sawed off straight at either end. The engineer of the locomotive, who furnished the stick, was called by the plaintiff, and testified that he sawed it off and measured it; that it was of oak, 6 feet by 3 inches by 4 inches, square at the ends, and prepared for the specific purpose. The stick did not break—it slipped off the car—and there is no evidence which warranted the inference that it was improper in material or in form for the use in question. Some point is made that it was of improper length, but it does not appear that if the stick had been longer it would not have slipped, or whether a stick adapted for the use could have been made sufficiently long to permit the plaintiff to escape the peril incident to a slip of a stick under the circumstances. So far as the inherent character of the appliance is concerned, Cullen, J., in considering a similar appliance put to a similar use, says, "The stick was the simplest possible contrivance, of the adequacy of which the plaintiff was entirely competent to judge." Garrison v. McCullough,. 28 App. Div. 467, 51 N. Y. Supp. 128; Marsh v. Chickering, 101 N. Y. 396, 5 N. E. 56; Cahill v. Hilton, 106 N. Y. 512, 13 N. E. 339.

The exceptions to the ruling excluding the questions as to what in the opinion of the witness Bedell would be a safe length for a push stick were not well taken, as the questions called for an expert's opinion upon the question to be submitted to the jury, and there was nothing in the subject so complicated as to make expert evidence competent. Dougherty v. Milliken, 163 N. Y. 527, 57 N. E. 757, 79 Am. St. Rep. 608, and authorities cited.

The judgment and order should be affirmed, with costs. All concur.