(51 Misc. Rep. 299.)

## WARD v. ROGERS et al.

### (Supreme Court, Special Term, Queens County. July, 1906.)

1. INSANE PERSONS—DEFECT IN PREMISES—LIABILITY FOR INJURIES.

    An incompetent person is not liable for injuries received by plaintiff in falling through a hole in the floor of a building belonging to him, which has been left unguarded by the negligence of his committee.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Insane Persons, § 142.]

2. SAME—LIABILITY OF COMMITTEE.

    The committee of an incompetent person is not liable in his representative capacity for damages to a person falling through a hole in the floor of a building belonging to his incompetent.

Action by Mary A. Ward against John Rogers, a lunatic, and Abram S. Post, his committee, for personal injuries. Demurrer to complaint by defendant Post sustained.

George W. Davison, for defendants.

BURR, J. The plaintiff brings this action to recover damages for injuries sustained by falling through a hole in the floor of a privy vault. A portion of the floor had been removed, and the opening was left unguarded. Each of the defendants separately demur to the complaint upon the ground that the complaint does not state facts sufficient to constitute a cause of action.

The allegation of the complaint is that the defendant Abram S. Post, as committee of the said John Rogers, "is the owner of the premises in question." The complaint further alleges, however, that the defendant John Rogers was duly adjudged a lunatic, and the defendant Abram S. Post was appointed his committee long before the occurrences complained of, and the prayer for judgment is that the damages sustained by the plaintiff be paid out of the estate of the said lunatic in the hands of his said committee. The committee of a person adjudged to

be a lunatic takes no title to the real property belonging to the said lunatic. He is a mere bailiff to take charge of his property and to administer it subject to the direction of the court. Matter of Otis, 101 N. Y. 580, 5 N. E. 571; Pharis v. Gere, 110 N. Y. 336, 18 N. E. 135, 1 L. R. A. 270. The control and management of the lunatic's estate has been taken from him, but nothing more. People ex rel. Smith v. Commissioner of Taxes, 100 N. Y. 215, 3 N. E. 85. Taking all of the allegations of the complaint together, I think it impliedly avers that the premises in question form part of the estate of the defendant Rogers, who is a lunatic, of which estate the defendant Post is the committee.

A complaint, to which demurrer is taken, is deemed to allege what can be implied from the allegations therein by reasonable and fair intendment. Facts impliedly averred are traversable in the same manner as though directly averred. Marie v. Garrison, 83 N. Y. 14; Sanders v. Soutter, 126 N. Y. 193, 27 N. E. 263. I think, therefore, the complaint squarely presents the question whether, if a person sustains an injury through the negligence of the committee of a lunatic in the management of real property belonging to such lunatic, a cause of action arises either against the lunatic or the committee in his representative capacity. It is undoubtedly true that a lunatic is just as responsible for his torts as a sane person, except, perhaps, those in which malice, and therefore intention, actual or implied, is a necessary ingredient. Williams v. Hays, 143 N. Y. 442, 38 N. E. 449, 26 L. R. A. 153, 42 Am. St. Rep. 743. But in this case the tort was not the tort of the lunatic. The negligent act complained of arose in connection with the control and management of the estate. But he had been deprived of this control and management long before. If the injury had resulted from a defective condition of the premises existing prior to the time of the appointment of the committee and continuing thereafter, he might be liable. Morain v. Devlin, 132 Mass. 87, 42 Am. Rep. 423. But such is not this case. A lessor is not liable for injuries which do not arise from any defect of condition or construction in the premises as demised, but solely from the acts of the tenant or his employés in using the same. Denenfeld v. Baumann, 40 App. Div. 502, 58 N. Y. Supp. 110; Schroeck v. Reiss, 46 App. Div. 502, 61 N. Y. Supp. 1054. If, when the owner selects the person to whose care and management the property is committed, such person does not represent the owner, so as to make the latter liable for the former's acts, how much more must this be the case when the owner has no voice in the selection of such person? I think, therefore, the defendant John Rogers was in no way responsible for the negligent acts of his committee, and that the demurrer interposed in his behalf must be sustained.

I think, also, that the defendant Abram S. Post is not liable in his representative capacity for the negligence complained of. It has been repeatedly held that trustees of an express trust in real estate, when the legal title is vested in them for the purposes of the trust and the duty is thereby imposed upon them of caring for and managing the estate and keeping the premises in repair, are not liable in their representative capacity for negligent failure so to do. Moniot v. Jackson, 40

Misc. Rep. 197, 81 N. Y. Supp. 688; Gillick v. Jackson, 40 Misc. Rep.
627, 83 N. Y. Supp. 29. In this case, while the care and management
of the estate was devolved upon the committee, no legal title was vested
in him. Much more, then, in such case, is there no liability of the com-
mittee in a representative capacity, so as to make the lunatic's estate
ultimately liable for his personal torts. It is unnecessary to consider
whether an action could be maintained against the committee personal-
ly for the acts complained of. The title of the action, the allegations
of the complaint, and the prayer for relief may all be considered in
determining whether the defendant is sued in a representative or an
individual capacity. First National Bank v. Shuler, 153 N. Y. 163,
47 N. E. 262, 60 Am. St. Rep. 601; Williamson v. Stevens, 84 App.
Div. 524, 82 N. Y. Supp. 1047. From these it is apparent that he is
sued in a representative capacity only. Nor does the fact that the
court has granted leave to the plaintiff to commence this action pre-
clude either the lunatic or his committee from raising this defense.
Kent v. West, 33 App. Div. 112, 53 N. Y. Supp. 244. The demurrer of
the defendant Abram S. Post, as committee, must also be sustained.

Judgment is directed accordingly; but, as both defendants appeared
by the same attorney, only one bill of costs will be allowed.

Judgment accordingly.