(61 Misc. Rep. 159.)

### ROONEY v. PEOPLE'S TRUST CO.

(Supreme Court, Trial Term, Kings County. October 15, 1908.)

1. INSANE PERSONS (§ 80*)—COMMITTEES—INDIVIDUAL LIABILITY FOR TORT.
   An insane person's committee, in exercising his authority under Code Civ. Proc. § 2339, to rent premises for less than five years without leave of court, assumes all the duties of a landlord, and he is individually liable to the tenant for negligently failing to keep the common passageway of the premises in a reasonably safe condition.
   [Ed. Note.—For other cases, see Insane Persons, Cent. Dig. § 142; Dec. Dig. § 80.*]

2. INSANE PERSONS (§ 80*)—COMMITTEES—NEGLIGENCE—LIABILITY.
   The committee of an insane person is not liable in its representative capacity for its torts, as it is not in a legal sense the agent of the insane person.
   [Ed. Note.—For other cases, see Insane Persons, Cent. Dig. § 142; Dec. Dig. § 89.*]

Action by Annie Rooney against the People's Trust Company. Verdict for plaintiff, and defendant moves for new trial. Motion denied.

Herbert C. Smyth, for plaintiff.
T. Ellett Hodgskin, for defendant.

CARR, J. The defendant is the committee of an incompetent person duly appointed to such office by an order of this court. As such committee it assumed possession of certain real property owned by the incompetent person and rented the same to various tenants. It is sued in this action for damages for personal injuries, sustained by one of the tenants, arising out of its alleged negligence in failing to keep the common passageway of said premises in a reasonably safe condition. If there was any negligence proved in this case, it was not that of the incompetent person; for the circumstances upon which the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

claim of negligence is predicated did not arise until some years after the defendant took charge of said premises as such committee. The defendant is not sued in its representative capacity, but individually; and it contends that it cannot be charged individually for its failure to make repairs to the premises, even though the necessity therefor arose during its period of guardianship of the property of the incompetent person.

It has been held in this state that neither the incompetent person nor the committee in its representative capacity is liable for the torts of the committee in the management of the incompetent's property. Ward v. Rogers, 51 Misc. Rep. 299, 100 N. Y. Supp. 1058. In the case just cited the question of the individual liability of the committee was not before the court, and therefore not decided. In Morain v. Devlin, 132 Mass. 87, 42 Am. Rep. 423, a lunatic was sued for damages for personal injuries occasioned by a defective doorstep in a house owned by him, but under the control of his guardian; and he was held liable on the broad ground that the guardian was his representative in the management of the real property, and, inasmuch as he received the benefit of the income of the property, he should not be exempted from the ordinary liability of ownership. It does not appear from the report of this case whether the defect in the doorstep arose before or after the lunacy of the defendant and the appointment of the guardian. The doctrine of this case seems to me somewhat doubtful; but, whether it be sound or otherwise, it is not at all controlling on the question as to whether there was also a liability on the part of the guardian for a tort occurring during the period of the guardianship, for that question was not before the court, as the guardian was not sued.

It is urged by the defendant here that inasmuch as the title to the premises remained in the lunatic, and no title went into the committee, it cannot be held liable to third persons for its omissions of duty during the period when it held possession and control as against the lunatic. To my mind the question of liability has no necessary connection with that of title, but rests entirely upon the exclusive control and right of management, which becomes vested in the committee, subject to the control of the court. It is quite remarkable that in these days of multitudinous reports no reported decision upon this point has been cited or seems to have been found. It has been held that the possession of the incompetent's property by the committee is really that of the court, and that the committee is a mere bailiff of the court to take charge of the property. Matter of Otis, 101 N. Y. 580, 5 N. E. 571; Pharis v. Gere, 110 N. Y. 336, 18 N. E. 135, 1 L. R. A. 270. The court, of course, could not be held liable for the negligence of its bailiff, and it would be quite inconceivable that the bailiff should be exempt from responsibility for his own negligence in caring for the property committed to his care.

By section 2339 of the Code of Civil Procedure, the committee is given power to rent the premises for a period of less than five years without applying to the court for leave. Here is a grant of independent authority to enter into the relation of landlord and tenant, and it carries with it necessarily an assumption of all the rights and duties

that attend ordinarily such a relation. If the committee rents the property under its charge in such a way that it retains control over the common passageways used by the various tenants, there is no conceivable reason why it should not be charged with all the duties of a landlord to the same extent as it is possessed with all the rights of such a legal relation. The reason why it cannot be held liable in its representative capacity is that the estate of the incompetent must not be subjected to a liability for the torts of one who is not his agent in the legal sense. This reason falls far short of exempting the committee individually.

The jury having found negligence on the part of the committee, the motion for a new trial is denied.