THE PEOPLE OF THE STATE OF NEW YORK, Respondents, *v.* STEPHEN G. HOVELL, Appellant.

(County Court, Kings County, December, 1919.)

Appeal — city ordinances — power of the board of aldermen of the city of New York to prescribe punishment for breach of an ordinance — evidence — misdemeanor — criminal law — Greater New York charter — Code of Ordinances, chap. 3, art. 3, §§ 60–62.

The board of aldermen of the city of New York has power, under the Greater New York charter, to pass an ordinance (Code of Ordinances, chap. 3, art. 3, §§ 60–62) which in effect defines, as a misdemeanor, the maintaining and operating of a carousel without a license, and prescribes a fine or imprisonment for a violation thereof.

Where upon a trial for the violation of said ordinance there was no evidence that the defendant operated the carousel in question other than the assumption by his counsel for the purposes of argument or in his opening, the conviction of defendant must be reversed and a new trial ordered.

APPEAL from a judgment of conviction in a City Magistrate's Court.

Albert A. Hovell (Hovell, McChesney & Clarkson, of counsel), for appellant.

Harry G. Anderson, assistant district attorney (Harry E. Lewis, district attorney, on brief), for respondents.

NASH, J.  The appellant herein was convicted by a city magistrate of maintaining and operating a carousel without a license, in violation of chapter 3, article 3, sections 60–62, of the Code of Ordinances of the city of New York.  He now contends that the judgment of conviction should be reversed for the reasons that the magistrate erred in denying a motion to dismiss the complaint on the ground that the board of aldermen of the city of New York had no power under the city charter to define acts constituting a misdemeanor; because the magistrate erred in denying a motion to dismiss the complaint on the ground that the ordinance does not contemplate a license for the place where a common show is operated; and finally because the evidence failed to show any operation of the carousel as contemplated by the ordinance and particularly no operation of the same by appellant.

That, pursuant to legislative authority conferred by a city charter, ordinances may be passed by a municipal corporation having the force of law and as obligatory as if they were acts of the legislature is well settled.  *People* v. *Reicherter,* 128 App. Div. 675.  Not only is general power conferred upon the board of aldermen of the city of New York to make and establish such ordinances as they may deem necessary for the good government of the city (Greater New York charter, § 43), but specific power is given to provide for licensing and otherwise regulating the business of common shows.  Id. § 51.

Appellant does not dispute this authority so long as the ordinance does not fix a fine or imprisonment as the punishment for a violation of the ordinance.  He

contends, however, that the ordinance in question (chap. 3, art. 3, §§ 60–62) is beyond the power of the board of aldermen because in effect it creates or defines a misdemeanor since, being punishable by fine or imprisonment or both, it falls within the definition of misdemeanor in the Penal Law, section 2.

This overlooks the fact that: '' Prosecutions for petty penalties have always constituted in our law a class by themselves   *   *   *   though the prosecution is criminal in form '' (*Tenement House Department* v. *McDevitt,* 215 N. Y. 160, 168, 169); that '' There are many minor offenses, colloquially classified as crimes, which are merely violations of police regulations.'' *People ex rel. Burke* v. *Fox,* 205 N. Y. 490, 494.

The difference between such offenses and crimes was very clearly stated by Mr. Justice Cullen in *Steinert* v. *Sobey,* 14 App. Div. 505, 507, where he said: '' It is undoubtedly true that the term ' crime ' is, within many definitions to be found in dictionaries and in text writers, broad enough to include the offense with which the plaintiff was charged [disturbing a religious meeting]. Mr. Bishop, in his work on Statutory Crimes, devotes many sections to the discussion of the violation of the ordinances and by-laws of municipal corporations, treating such violations as crimes. But whatever be the correct and accurate definition of the word ' crime,' I think that it is not used in the Code of Criminal Procedure in a sense broad enough to include petty offenses subject to summary conviction by a magistrate.''

There was, therefore, no error in the denial of appellant's motion to dismiss the complaint on this ground.

Nor was there any error in denying the motion to dismiss on the ground that the ordinance did not contemplate a license for the *place* where the show was operated.

This grant of power to regulate implies the power to do all such things and to impose all such reasonable conditions as would tend to the accomplishment of the municipal duty to provide for the general welfare and safety of the community. *City of Buffalo* v. *Stevenson,* 207 N. Y. 258, 261, 262. It would be a narrow construction, indeed, to hold that the power to " regulate " common shows did not include the power to prohibit them in particular areas or localities. *Cronin* v. *People,* 82 N. Y. 318.

But appellant contends that there is no evidence of any operation of the carousel in question by the defendant while the respondents contend that this essential fact was established by the admissions of appellant's counsel. While the authorities cited by respondents amply support the contention that admissions of counsel are binding in criminal as well as in civil cases, the assumption of facts by counsel, as in this case, merely for the purpose of argument or in an informal statement of facts upon opening, will not be construed as an admission of such facts. Abbott's Trial Brief, Criminal Cases (2d ed.), 405.

For this reason, therefore, the judgment of conviction is reversed and a new trial ordered in the Magistrate's Court.

*Judgment reversed and new trial ordered in Magistrate's Court.*