ETHEL M. ROBINSON, Appellant, *v.* PEOPLE'S BANK OF HAMBURG, Respondent.

Fourth Department, March 4, 1953.

*Richard C. Doherty* for appellant.

*Harold C. Lowe* for respondent.

PIPER, J. The plaintiff appeals from an order of Special Term dismissing her complaint against the defendant, People's Bank of Hamburg, hereafter referred to as the bank.

The complaint alleges that on February 11, 1948, Valentine B. Adamus was adjudged an incompetent and the bank was appointed and is now acting as committee of his property; that as such committee it had custody and control of certain property of Adamus and had the right to the possession, custody and control of such property owned by Adamus and particularly of a De Soto automobile which Adamus became the owner of " in or before the month of March, 1951 ". It then alleges that the bank knew of or should have known of the fact that Adamus had possession of the automobile and that the bank " failed and neglected to take possession, custody and control " of the automobile " and wrongfully allowed and permitted " Adamus to have " unrestricted possession, custody, control and use of the said automobile."

It further alleges that on September 9, 1951, Adamus loaned the automobile to one Henry Karp who was an infant of the age of seventeen, who had no operator's license, and that by reason thereof it was operated by Karp with the consent of the bank. It then goes on to allege the accident and that plaintiff's injuries were sustained by reason of the negligence of Karp and his negligence was the negligence of the bank in failing to take possession of the automobile from Adamus, the incompetent. Judgment is demanded in the sum of $10,000.

It will be noted that the action is brought against the bank in its individual capacity and not as committee of the property of the incompetent. Appellant argues that the bank is liable as owner under the statute (Vehicle and Traffic Law, § 59). This argument is clearly fallacious, as the committee acquires no title to incompetent's property (*Matter of Otis,* 101 N. Y. 580. 585; *Matter of Merritt,* 278 N. Y. 74, 77). It merely acts as an agent of the court as conservator of the property of the incompetent, so it could not be liable on that theory.

Appellant further argues that the failure of the bank to take custody and control of the automobile purchased by the incompetent " in or before the month of March, 1951," which automobile was involved in the accident, was negligence on the part of the bank and made it liable for the injuries sustained by appellant in the accident under the rules of common law. He points out the various cases which hold it is the duty of the committee to take possession of the property of the incompetent. One of these cases (*Matter of Webber*, 187 Misc. 674) sets forth this duty at pages 676–677. " A committee of the property must preserve and protect the property of the incompetent and deliver it over to him when he becomes competent or turn it over to his legal representatives upon his death."

The duty is to the incompetent and not to third persons, except under unusual circumstances.

In *Ward* v. *Rogers* (51 Misc. 299) an action for personal injuries was brought by plaintiff against the incompetent Rogers and one Post as committee by reason of falling through " a hole in the floor of a privy vault." The property was owned by the incompetent but was under the management and control of the committee. It was held that the tort was that of the defendant Post individually and not as committee and it was not that of the incompetent as the defect was in maintenance since Post took control of the premises.

In *Rooney* v. *People's Trust Co.* (61 Misc. 159) the defendant was committee of an incompetent and plaintiff had recovered a verdict against it in an action for personal injuries arising out of its negligence in failing to keep a common passageway in a safe condition. The property was that of the incompetent but it was under the management of the defendant. The motion was for a new trial and the issue decided was that the defendant was liable in its individual capacity.

Appellant now asks the court to extend the rule of liability laid down in the *Rooney* case to include torts of a third person in the use of property of the incompetent which was not under the control of the committee by reason of the failure of the committee to take possession of the property, the automobile.

We think this would be an extension of tort liability beyond anything known to the law. It would place an extraordinary burden on a committee to discover property of an incompetent.

There is another flaw in plaintiff's argument. The failure of the bank to discover and take possession of the automobile could not be held in any event to be the proximate cause of plaintiff's

injuries. The proximate cause was the negligence of the operator of the automobile that struck plaintiff.

The order should be affirmed, with $10 costs and disbursements.

Present — TAYLOR, P. J., McCURN, VAUGHAN, PIPER and WHEELER, JJ.

Order affirmed, with $10 costs and disbursements.